MEMORANDUM *
Rafaat Hermiz, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals’s denial of his application for deferral of removal under the Convention Against Torture.[1] We deny Hermiz’s petition for review.
Substantial evidence supports the denial of deferral of removal under the CAT. Hermiz failed to establish before the IJ that he “more likely than not ... would be tortured” if removed to Iraq, as required to qualify for CAT protection. 8 C.F.R. § 208.16(c)(2). The record does not compel us to conclude that Hermiz would endure pain or suffering “inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity,” a *561 requirement for finding torture under the CAT. 8 C.F.R. § 208.18(a)(1).
Moreover, the IJ gave proper individualized consideration to how changed country conditions in Iraq might affect Hermiz, given the past torture to which he was subjected. See Nuru v. Gonzales, 404 F.3d 1207, 1217-18 (9th Cir.2005); see also 8 C.F.R. § 208.16(c)(3). Substantial evidence on the record supports the conclusions of the BIA and the IJ that the individuals who previously tortured Her-miz had lost power and that the new Iraqi government was not responsible for torture that insurgents and others might have inflicted on Iraqi citizens. Hermiz failed to demonstrate that new Iraqi officials acquiesced in torture, and the independent actions of outside groups do not qualify as “torture” under the CAT. 8 C.F.R. § 208.18(a)(1), (7).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment art. 3, opened for signature Dec. 10, 1984, 1465 U.N.T.S. 85.